**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **TOPDECKED LIMITED,** a North Carolina business corporation,<br><br>Plaintiff,<br><br>v.<br><br>**EMINENCE GAMING LLC,** a Delaware limited liability company,<br><br>Defendant. | : | Civ. No. ________________<br><br>**<u>JURY TRIAL DEMANDED</u>** |

## <u>COMPLAINT</u>

Plaintiff TopDecked Limited ("Plaintiff" or "TopDecked"), by and through its undersigned attorneys, for its Complaint against Defendant Eminence Gaming LLC ("Eminence" or "Defendant"), alleges as follows on knowledge as to itself and its own acts, and otherwise on information and belief:

## INTRODUCTION

1. This is an action for trademark infringement, false designation of origin, and unfair competition arising out of Defendant's unauthorized adoption and use of the designation "TopDeck.gg" (and the abbreviated form "TopDeck") in connection with software, applications, and tournament-organization services for the trading card game ("TCG") community that are identical or closely related to the goods and services covered by Plaintiff's federally registered TOPDECKED mark. Trading card games, of which "Magic: The Gathering" is the most prominent, are competitive games in which players

assemble and compete with collections of individual cards; around them has grown a substantial ecosystem of mobile and web software that helps players manage their collections, build and refine decks, access rules and market pricing, and organize, run, and compete in tournaments. TopDecked and Defendant's "TopDeck.gg" are competing offerings within that ecosystem.

2. TopDecked is the owner of the widely-recognized TopDecked mobile phone and web application and brand serving the trading card game community, and of the associated federally registered trademark TOPDECKED. Since at least as early as November 2016, TopDecked has continuously used the TOPDECKED mark in commerce in connection with software for collection, deck-building, and tournament play, and with the organization and hosting of competitive TCG tournaments and events.

3. TopDecked owns United States Trademark Registration No. 7,743,052 for the standard-character mark TOPDECKED, registered on the Principal Register on April 1, 2025, in International Classes 9, 35, 41, and 42, as well as common-law rights in the TOPDECKED mark predating any use by Defendant. *See* **EXHIBIT A**.

4. Without TopDecked's authorization, and with full knowledge of TopDecked's senior rights, Defendant Eminence (which previously operated under the name "Eminence Gaming") rebranded its competing TCG tournament software and services under the designation "TopDeck.gg," a mark that is visually and phonetically nearly identical to TopDecked's TOPDECKED mark, for goods and services that directly overlap with those covered by TopDecked's registration.

5. Defendant adopted and has continued to use the "TopDeck.gg" designation notwithstanding actual notice of TopDecked's rights, conveyed by repeated cease-and-desist correspondence beginning in September 2024, and notwithstanding both the constructive nationwide notice arising upon issuance of TopDecked's federal registration on April 1, 2025 (15 U.S.C. § 1072) and the actual notice of the same from TopDecked's own direct communications with Defendant prior to the filing of this Complaint. Defendant's infringement is therefore knowing, deliberate, and willful.

6. Defendant's conduct has caused and is causing actual consumer confusion. Consumers in the TCG community have mistakenly associated Defendant's activities (including controversial public conduct attributed to Defendant's principals) with TopDecked, thereby threatening the substantial goodwill TopDecked has cultivated over nearly a decade.

7. Accordingly, TopDecked brings this action under Sections 32, and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, and 1125(a), under the Delaware Uniform Deceptive Trade Practices Act, 6 *Del. C.* § 2531 *et seq.*, and under the common law of the State of Delaware. TopDecked seeks injunctive relief, any and all applicable enhanced damages, and its costs and attorneys' fees.

**THE PARTIES**

8. Plaintiff TopDecked Limited is a corporation organized and existing under the laws of the State of North Carolina, with a principal place of business at 2625 Bay St., Charlotte, North Carolina 28205. TopDecked owns the federal trademark registration identified

herein and operates software and related online offerings, and organizes TCG tournaments and events, under the TOPDECKED mark.

9. On information and belief, Defendant Eminence Gaming LLC is a limited liability company organized under the laws of the State of Delaware, with a principal place of business at 220 Pleasantview Ave, Schwenksville, Pennsylvania 19473, and registered agent United States Corporation Agents, Inc., 131 Continental Drive, Suite 305, Newark, DE 19713. On information and belief, Eminence is the producer of the "topdeck.gg" application for trading card games and operates, hosts, and/or licenses competitive TCG tournaments and events under the "TopDeck.gg" name.

**JURISDICTION AND VENUE**

10. This action arises under the Lanham Act, 15 U.S.C. § 1051 et seq., including Sections 32, and 43(a) (15 U.S.C. §§ 1114 and 1125(a)), under the Delaware Uniform Deceptive Trade Practices Act, 6 *Del. C.* § 2531 *et seq.*, and under the common law of the State of Delaware.

11. This Court has subject-matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1338(a), and over the related state-law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy.

12. This Court has general personal jurisdiction over Defendant because Defendant is a limited liability company organized under the laws of the State of Delaware and is therefore at home in this State. Defendant has also availed itself of the privileges and

protections of Delaware law by organizing, and maintaining its existence, under Delaware law.

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (c)(2) because Defendant, an entity organized under Delaware law, is subject to personal jurisdiction in this District with respect to this action and therefore resides in this District for venue purposes.

## FACTUAL BACKGROUND

### *A. TopDecked and the TOPDECKED Mark*

14. TopDecked is a recognized provider of software and services to the trading card game community, and in particular to players of Magic: The Gathering. Since at least as early as November 2016, TopDecked has continuously offered, under the TOPDECKED mark, downloadable and online software for collection and inventory management, deck-building, rules and reference material, market valuations, and gameplay, together with digital services to facilitate the organization, hosting, and promotion of competitive TCG tournaments and events.

15. Among those services, and since at least 2016, TopDecked has provided tournament-organizer functionality, including the creation and management of events, the generation and publication of player pairings and live standings, and the delivery of pairing notifications to players' mobile devices, used at events ranging from local game-store tournaments to professional-level competitions. *See* **EXHIBIT J**. Thus, TopDecked's tournament-organization software predates Defendant's "TopDeck.gg" by years and occupies the very field in which Defendant now competes.

16. TopDecked's rights in the TOPDECKED mark date to 2016, when Plaintiff (then organized as TopDecked, LLC) first used the mark in commerce and began operating the TOPDECKED software and services. On April 12, 2019, TopDecked, LLC converted into Plaintiff TopDecked Limited pursuant to a statutory conversion under North Carolina law. By operation of that conversion, TopDecked, LLC did not dissolve and TopDecked Limited is not a separate successor entity; rather, the same legal entity continued in existence in its converted corporate form, and title to all of its property, including the TOPDECKED mark and its associated goodwill, remained vested in it without reversion or impairment. *See* N.C. Gen. Stat. § 55-11A-04; *see also* **EXHIBIT L** (Articles of Incorporation Including Articles of Conversion). Plaintiff's use of, and rights in, the TOPDECKED mark have therefore been continuous and uninterrupted since 2016.

17. As a result of nearly a decade of continuous and substantial use, investment, and promotion, the TOPDECKED mark has become widely recognized within the TCG community as a distinctive identifier of TopDecked's goods and services and has acquired substantial goodwill belonging exclusively to TopDecked. *See* **EXHIBIT B**. As demonstrated therein, TopDecked has, since its creation, registered over three-hundred thousand distinct users, its associated application on Apple and Android platforms having been downloaded over seven-hundred thousand times in the aggregate, and has recorded over one million unique visitors to its website. TopDecked's reputation, and therefore its market association with the TOPDECKED mark, has expanded primarily through word of mouth, as well as through partnerships with well-known industry institutions such as CardKingdom, the largest independent trading card reseller in the United States. As can be seen through the average user reviews on both the Apple App Store and Google Play Store pages, the services associated with the TOPDECKED mark, namely its downloadable application and non-downloadable website,

have been highly reviewed – averaging between 4.7-4.8 stars on a 5-star scale on all platforms. The result is a trademark associated with an entity whose services have, over nearly a decade, generated extensive goodwill and a large footprint within a niche industry.

18. TopDecked is the owner of valid and subsisting United States Trademark Registration No. 7,743,052 for the standard-character mark TOPDECKED on the Principal Register, issued by the United States Patent and Trademark Office ("USPTO") on April 1, 2025, from Application Serial No. 98/551,299 (filed May 15, 2024), covering, *inter alia*:

• Class 9: downloadable computer game software and software for collection and inventory management for collectibles and trading cards, for collating rules and reference material for TCGs and sporting events, for viewing market valuations, and supplemental tools for playing and investing in collectible games;

• Class 35: promotional marketing of collectible TCG tournaments, educational TCG events, and social events in the TCG community, tabletop gaming, and sporting events;

• Class 41: arranging, organizing, conducting, and hosting collectible TCG tournaments and social entertainment events for the TCG community, and educational services including classes and competitive tournaments in the field of trading card games; and

• Class 42: providing online non-downloadable counterparts of the foregoing software.

19. The registration recites dates of first use in commerce in 2016 (as early as November 3, 2016). A true and correct copy of the registration certificate is attached as **EXHIBIT A**.

20. By virtue of its federal registration, TopDecked enjoys, among other things, a presumption of the validity of the TOPDECKED mark, of TopDecked's ownership of the mark, and of TopDecked's exclusive right to use the mark nationwide in connection with

the goods and services recited in the registration, pursuant to 15 U.S.C. §§ 1057(b) and 1115(a). The registration further constitutes constructive notice of TopDecked's claim of ownership pursuant to 15 U.S.C. § 1072.

21. As a result of its widespread, continuous, and substantially exclusive use of the TOPDECKED mark since 2016, TopDecked also owns common-law rights in the TOPDECKED mark that are senior to any rights Defendant could claim.

***B. Defendant's Adoption of the Confusingly Similar "TopDeck.gg" Mark***

22. On information and belief, Eminence previously operated under the trade name "Eminence Gaming." On or about February 2024, Eminence rebranded its competing TCG tournament software and services under the designation "TopDeck.gg," announced by a press release dated on or about February 9, 2024. *See* **EXHIBIT C**. On information and belief, given TopDecked's established and widely recognized use of the TOPDECKED mark within the same TCG community since at least 2016, and before Defendant's rebrand, Eminence undertook that rebrand with knowledge of, and in disregard of, TopDecked's senior rights in the TOPDECKED mark.

23. In selecting "TopDeck.gg" as its company-facing brand, application name, and domain name, Eminence adopted the term as a distinctive identifier of the source of its own goods and services. This action stands at odds with Defendant's subsequent contention, in correspondence with TopDecked, that the term is merely generic.

24. On information and belief, the "TopDeck.gg" application provides software that tracks players' tournament progress, displays standings, and delivers TCG-scene updates, and Eminence organizes, hosts, and/or licenses competitive TCG tournaments and events

under the "TopDeck.gg" name, encompassing goods and services that are identical or closely related to those offered by TopDecked under the TOPDECKED mark and recited in TopDecked's federal registration in Classes 9, 35, 41, and 42.

25. Defendant's overlap with TopDecked's goods and services has widened over time. Beyond its tournament-organization services, Defendant has expanded "TopDeck.gg" to include deck-related functionality that directly overlaps with TopDecked's core offerings, including a deck-validation tool that ingests a user's decklist in a standard format and evaluates its tournament-legality, a deck visualizer, and a visual deck-display feature. *See* **EXHIBIT K**. Because TopDecked has long provided the tournament-organization functionality on which Defendant built "TopDeck.gg," and Defendant has since expanded into the deck-building functionality long offered by TopDecked, the parties' offerings overlap in both directions and increasingly occupy the same competitive space.

26. On information and belief, Defendant offers all such overlapping and/or identical services under at least the "Topdeck.gg" designation through downloadable mobile application software available on the Apple App Store, the Google Play Store, as well as through non-downloadable software available on Defendant's self-hosted website. *See* said app store pages of Defendant's in **EXHIBIT C**. Plaintiff offers its own services through its senior, federally registered TOPDECKED trademark through identical channels of trade: including through the Apple App Store, Google Play Store, and its own website, <www.topdecked.com>.

27. The "TopDeck.gg" and "TopDeck" designations are visually and phonetically nearly identical to TopDecked's TOPDECKED mark, differing only by the omission of the final

letter "ed" and the addition of the generic top-level-domain suffix ".gg." The parties offer their respective goods and services to the same TCG community, through the same channels of trade, to the same classes of consumers.

28. Defendant also uses the bare "TopDeck" designation, without the ".gg" suffix, as a source identifier for its own goods and services, including in its branded "TopDeck Championship Series." *See* **EXHIBIT K, pg. 7**. Such uses further collapse the distance between the commercial impressions of Plaintiff's senior, federally registered trademark, and the Defendant's trademark, and further heightens the likelihood of confusion between the marks in the marketplace.

29. On information and belief, Defendant did not seek, and TopDecked did not grant, any authorization or license to use the "TopDeck.gg" designation or any mark confusingly similar to TOPDECKED.

30. Following Defendant's adoption of the "TopDeck.gg" designation, and in anticipation of the necessary enforcement of TopDecked's intellectual property rights, TopDecked subsequently applied to register "TOPDECKED" to the United States Patent and Trademark Office Principal Register on May 15, 2024.

***C. Defendant's Knowledge of TopDecked's Rights and the Parties' Correspondence***

31. TopDecked, through its then-counsel, sent Eminence a written demand on September 10, 2024, placing Eminence on actual notice of TopDecked's rights in the TOPDECKED mark, identifying Eminence's "TopDeck.gg" use as infringing, and requesting that Eminence cease use. *See* **EXHIBIT D**.

32. On or about October 4, 2024, Eminence, through counsel (Madan Law PLLC), responded and refused to cease use, asserting that “top deck” is a generic or descriptive industry term, that the parties’ goods and services differ, and that no likelihood of confusion exists. *See* **EXHIBIT E**.

33. On April 1, 2025, the USPTO issued Registration No. 7,743,052 for the TOPDECKED mark, providing constructive and actual nationwide notice of TopDecked’s claim of ownership pursuant to 15 U.S.C. § 1072 and confirming TopDecked’s federal rights across Classes 9, 35, 41, and 42.

34. On or about November 4, 2025, TopDecked, through its present counsel (Offit Kurman, P.A.), reiterated its demand that Eminence cease all use of the “TopDeck.gg” designation. *See* **EXHIBIT F**.

35. On or about February 9, 2026, Eminence, through counsel, again refused to cease use, reiterated its genericness and no-confusion positions, and threatened to file a petition to cancel TopDecked’s registration before the Trademark Trial and Appeal Board, which Eminence has not done as of the date of this filing. *See* **EXHIBIT G**.

36. Following Eminence’s February 9, 2026, refusal, TopDecked, through its counsel, conducted further investigation into Defendant’s continued use and expansion of use under its infringing mark, and prepared this Complaint, in furtherance of the enforcement of its rights.

***D. Actual Confusion and Harm to TopDecked’s Goodwill***

37. Defendant’s use of the “TopDeck.gg” designation has caused actual confusion. At least one consumer publicly identified the confusing similarity between the parties’ marks in a

direct reply to Eminence's February 9, 2024, rebrand announcement on the social-media platform X. *See* **EXHIBIT H**.

38. On information and belief, instances of actual confusion between TopDecked and Defendant have continued to occur, including within TopDecked's own Discord community and elsewhere in the TCG community. *See* **EXHIBIT H**. Such confusion has taken concrete and documented forms. Among other instances: (a) a consumer contacted TopDecked directly, through TopDecked's own customer-support channel, in the mistaken belief that TopDecked was responsible for public conduct attributable to Defendant's principals, and closed his TopDecked account as a result; (b) a user experiencing a problem that originated on Defendant's "TopDeck.gg" platform brought that complaint to TopDecked's own Discord community, requiring TopDecked to disclaim any affiliation with Defendant; (c) when TopDecked solicited prospective users for its tournament-organization software, at least one prospective user declined on the express ground that TopDecked's name was too close to Defendant's "TopDeck.gg"; (d) third parties, including a game store publishing an event through Wizards of the Coast's own official event locator, have referred to Defendant's "TopDeck.gg" as "TopDecked" or "TopDecked.gg," merging the two marks; and (e) automated search tools, including Google's AI-generated search overview, have conflated the parties, describing Defendant's offering as "TopDeck (formerly TopDecked)." *See* **EXHIBIT H**.

39. On information and belief, controversial public statements and conduct attributed to Defendant's principal(s) (and, in particular, the individual known as "Zain"/"Zrob0") have been the subject of significant public commentary within the online TCG community. As a result of the confusing similarity between the parties' marks, members

of the consuming public have mistakenly associated such conduct and the attendant controversy with TopDecked, causing harm and the threat of further harm to the goodwill and reputation that TopDecked has built over nearly a decade. *See* **EXHIBIT I**.

40. Defendant's willful acts are causing, and unless restrained will continue to cause, immediate and irreparable harm to TopDecked and to its valuable reputation and goodwill, for which TopDecked has no adequate remedy at law.

***E. The Infringing "topdeck.gg" Domain Name***

41. On information and belief, Defendant registered and uses the domain name <topdeck.gg> as a primary source identifier for its infringing goods and services, which substantially overlap with or are otherwise identical to the goods and services offered on Plaintiff's own website. The <topdeck.gg> domain name is confusingly similar to TopDecked's TOPDECKED mark.

**COUNT I**

**Federal Trademark Infringement — 15 U.S.C. § 1114**

**(Trademark Infringement)**

42. TopDecked repeats and realleges each of the foregoing allegations as if fully set forth herein.

43. TopDecked owns valid and subsisting federal Registration No. 7,743,052 for the TOPDECKED mark, which is prima facie evidence of the validity of the mark, of

TopDecked's ownership, and of TopDecked's exclusive right to use the mark in connection with the recited goods and services.

44. Defendant's use in commerce of the "TopDeck.gg" and "TopDeck" designations, in connection with goods and services identical or closely related to those recited in TopDecked's registration, is likely to cause confusion, mistake, or deception as to the source, sponsorship, affiliation, or approval of Defendant's goods and services, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

45. On information and belief, Defendant committed the foregoing acts of infringement with full knowledge of TopDecked's prior rights and with the willful intent to trade on TopDecked's goodwill and reputation, and has continued such acts after both actual and constructive notice of TopDecked's rights.

46. Defendant's conduct is causing immediate and irreparable harm to TopDecked and to its goodwill and reputation and, unless enjoined, will continue to do so. TopDecked has no adequate remedy at law.

47. By reason of the foregoing, TopDecked is entitled to injunctive relief and to an award of its actual damages, enhanced damages and profits, and its reasonable attorneys' fees and costs under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

## COUNT II

**False Designation of Origin and Unfair Competition — 15 U.S.C. § 1125(a)**

**(False Designation of Origin / Unfair Competition)**

48. TopDecked repeats and realleges each of the foregoing allegations as if fully set forth herein.

49. Defendant's use in commerce of the "TopDeck.gg" and "TopDeck" designations constitutes a false designation of origin and a false or misleading description or representation of fact that is likely to cause confusion, mistake, or deception as to the origin, sponsorship, affiliation, or approval of Defendant's goods and services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50. Defendant's conduct is willful and is intended to, and is likely to, cause the consuming public to believe that Defendant's goods and services originate with, are sponsored or endorsed by, or are otherwise affiliated with TopDecked, when they are not.

51. Defendant's conduct is causing immediate and irreparable harm to TopDecked and to its goodwill and reputation and, unless enjoined, will continue to do so. TopDecked has no adequate remedy at law.

52. By reason of the foregoing, TopDecked is entitled to injunctive relief and to an award of its actual damages, Defendant's profits, enhanced damages and profits, and its reasonable attorneys' fees and costs under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

## COUNT III

## Common-Law Trademark Infringement

## (Common Law of the State of Delaware)

53. TopDecked repeats and realleges each of the foregoing allegations as if fully set forth herein.

54. TopDecked owns all right, title, and interest in and to the TOPDECKED mark, including common-law rights established through continuous use in commerce since at least as early as November 2016, which are senior to any rights Defendant could claim.

55. Defendant's unauthorized use of the "TopDeck.gg" and "TopDeck" designations, which are confusingly similar to the TOPDECKED mark, is likely to cause, and has caused, consumers and the public to mistakenly believe that Defendant's goods and services originate with, or are sponsored, endorsed, or authorized by, TopDecked. The TOPDECKED mark is distinctive, and TopDecked's use of it predates by more than seven years Defendant's first use of "TopDeck.gg" in or about February 2024.

56. Defendant's conduct constitutes trademark infringement under the common law of the State of Delaware.

57. On information and belief, Defendant has profited from, and been unjustly enriched by, its unlawful conduct, to TopDecked's detriment. TopDecked has been damaged in an amount to be determined at trial, has no adequate remedy at law, and is entitled to injunctive relief.

**COUNT IV**

**Common-Law Unfair Competition**

**(Common Law of the State of Delaware)**

58. TopDecked repeats and realleges each of the foregoing allegations as if fully set forth herein.

59. TopDecked had a reasonable expectancy of entering into and continuing valid business relationships with users and prospective users of its software and tournament-organization services in the TCG community. Defendant's conduct misappropriates and trades upon the reputation and goodwill of TopDecked, and has wrongfully interfered with those expectancies, thereby injuring that reputation and goodwill and unjustly diverting to Defendant the benefits rightfully belonging to TopDecked.

60. Defendant's conduct is likely to cause, and has caused, confusion, mistake, or deception as to the source, sponsorship, affiliation, or approval of Defendant's goods and services. As a result, Defendant has defeated specific expectancies held by TopDecked, including (a) the existing user who closed his TopDecked account after mistakenly attributing Defendant's principals' conduct to TopDecked, and (b) the prospective user of TopDecked's tournament-organization software who declined because TopDecked's name was too close to Defendant's "TopDeck.gg," as alleged in Paragraph 38. This conduct constitutes unfair competition under the common law of the State of Delaware.

61. Defendant's conduct has been undertaken knowingly, willfully, and in bad faith, has caused TopDecked monetary damage, loss, and injury, and, unless enjoined, will continue to cause irreparable harm for which TopDecked has no adequate remedy at law.

## COUNT V

## Delaware Uniform Deceptive Trade Practices Act — 6 *Del. C.* § 2531 *et seq.*

62. TopDecked repeats and realleges each of the foregoing allegations as if fully set forth herein.

63. TopDecked and Defendant are direct competitors offering overlapping TCG software and tournament-organization services to the same consumers through the same channels of trade, and Defendant's deceptive trade practices interfere with the promotion and conduct of TopDecked's business.

64. In the course of its business, Defendant, through its use of the "TopDeck.gg" and "TopDeck" designations, has (a) passed off its goods and services as those of TopDecked; (b) caused a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of its goods and services; and (c) caused a likelihood of confusion or of misunderstanding as to its affiliation, connection, or association with TopDecked, in violation of 6 *Del. C.* § 2532(a)(1)–(3).

65. Defendant willfully engaged in these deceptive trade practices, knowing them to be deceptive, including after receiving actual notice of TopDecked's rights in September 2024 and November 2025 and constructive notice upon registration on April 1, 2025.

66. TopDecked is likely to be damaged by Defendant's deceptive trade practices and is entitled to injunctive relief under 6 *Del. C.* § 2533(a), to its costs and reasonable attorneys' fees under 6 *Del. C.* § 2533(b), and to treble any damages awarded under the common law of Delaware pursuant to 6 *Del. C.* § 2533(c).

**COUNT VI**

**Cyberpiracy Prevention (15 U.S.C. § 1125(d))**

**(Cybersquatting under the ACPA)**

67. TopDecked repeats and realleges each of the foregoing allegations as if fully set forth herein.

68. TopDecked owns the distinctive TOPDECKED trademark and associated goodwill and federal Registration No. 7,743,052, which issued April 1, 2025, and confers, among other things, presumptions of validity, ownership, and exclusive rights, as well as constructive nationwide notice under 15 U.S.C. § 1072.

69. On information and belief, Defendant registered, trafficked in, and/or used the domain name <topdeck.gg> (the "Domain Name") in connection with its competing software and tournament organization services directed to the same consumers and channels of trade as TopDecked's offerings. Defendant uses the Domain Name as a primary source identifier for its goods and services.

70. The Domain Name is identical or, at a minimum, confusingly similar to TopDecked's TOPDECKED mark. The Domain Name incorporates the "TopDeck" formative and differs from the TOPDECKED mark only by omission of the trailing "ed" and the addition of the generic top level domain ".gg," creating a confusing commercial impression in the marketplace.

71. Defendant registered and has used the Domain Name with a bad faith intent to profit from TopDecked's mark, within the meaning of 15 U.S.C. § 1125(d)(1)(A) and (B). Among other things:

- Defendant adopted and rebranded to "TopDeck.gg" with knowledge of TopDecked's senior rights, after years of TopDecked's continuous use and while targeting the same trading card game ecosystem and customers.

- Defendant received actual notice of TopDecked's rights via cease and desist correspondence beginning in September 2024 and again in November 2025, yet continued using the Domain Name and "TopDeck" designations.
- Defendant's use of the Domain Name is commercial and seeks to divert consumers from TopDecked's online locations to Defendant's site by creating a likelihood of confusion as to source, sponsorship, affiliation, or endorsement, for Defendant's commercial gain.
- Defendant's adoption and continued use of the Domain Name and the "TopDeck" formative for identical or closely related goods and services evidences an intent to trade on TopDecked's goodwill and to blur or collapse the distinction between the parties' brands in the eyes of consumers.

72. As a direct and proximate result of Defendant's cybersquatting, TopDecked has suffered and will continue to suffer irreparable harm to its mark, reputation, and goodwill, and monetary damages, including but not limited to diversion of prospective users and loss of business opportunities, for which TopDecked has no adequate remedy at law.

73. TopDecked is entitled to the remedies provided by 15 U.S.C. § 1125(d), including, at TopDecked's election, (a) transfer of the <topdeck.gg> Domain Name to TopDecked, and/or (b) statutory damages in an amount the Court deems just within the range authorized by statute, together with injunctive relief, Defendant's profits, actual damages, costs, and attorneys' fees as otherwise available under the Lanham Act.

## PRAYER FOR RELIEF

**WHEREFORE**, TopDecked respectfully requests that the Court enter judgment in its favor and against Defendant as follows:

a. Preliminarily and permanently enjoining Defendant, and its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from: (i) using the “TopDeck.gg” or “TopDeck” designation, or any other designation that is a colorable imitation of or confusingly similar to TopDecked’s TOPDECKED mark, in connection with software, applications, or tournament-organization or related services for the TCG community; (ii) doing any act likely to cause confusion or to suggest any affiliation, connection, sponsorship, or association with TopDecked; and (iii) registering or applying to register any trademark, service mark, trade name, or domain name consisting of or incorporating TOPDECKED or any confusingly similar designation;

b. Entering judgment for TopDecked on all counts;

c. Ordering Defendant, within ten (10) days of entry of judgment, to transfer to TopDecked pursuant to 15 U.S.C. § 1125(d)(1)(C), the registration of the <topdeck.gg> domain name and of any other domain names owned or controlled by Defendant that are confusingly similar to the TOPDECKED mark, and directing the applicable domain-name registrar(s) to effectuate such transfer upon TopDecked’s request;

d. Awarding, at TopDecked’s election, statutory damages for cybersquatting under 15 U.S.C. § 1117(d), in an amount the Court deems just, in addition to any other damages, profits, and fees awarded under the Lanham Act;

e. Awarding TopDecked its actual and compensatory damages in an amount to be determined at trial;

f. Awarding TopDecked, for Defendant's willful conduct, up to three times its actual damages and/or Defendant's profits, enhanced as appropriate, pursuant to 15 U.S.C. § 1117(a)–(b);

g. Declaring this an exceptional case and awarding TopDecked its reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a);

h. Directing Defendant to cease all use of the "TopDeck.gg" and "TopDeck" designations on all applications, app-store listings, websites, social-media accounts, signage, and marketing materials, and to deliver up for destruction all materials bearing any designation confusingly similar to the TOPDECKED mark;

i. Directing Defendant, pursuant to 15 U.S.C. § 1116(a), to file with the Court and serve upon TopDecked's counsel, within thirty (30) days after service of any injunction, a report in writing under oath setting forth in detail the manner and form of its compliance;

j. Awarding TopDecked punitive and exemplary damages on its common law claims under Delaware law, based on Defendant's willful and wanton conduct, as the Court finds appropriate to deter future willful conduct; trebling any common-law damages pursuant to 6 *Del. C.* § 2533(c); and awarding TopDecked its reasonable attorneys' fees and costs pursuant to 6 *Del. C.* § 2533(b);

k. Awarding TopDecked prejudgment and post-judgment interest on all monetary sums; and

l. Granting such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, TopDecked hereby demands a trial by jury on all issues so triable.

DATED: November 24, 2026

OFFIT KURMAN P.A.

/s/ Thomas H. Kramer
Thomas H. Kramer (#6171)
222 Delaware Avenue, Ste. 1105
Wilmington, DE 19801
(302) 351-0908
tom.kramer@offitkurman.com

OF COUNSEL

Edward Baxter, Esq.
590 Madison Avenue, 6th Floor
New York, New York 10022
(929) 476-0058
edward.baxter@offitkurman.com

*Attorneys for Plaintiff TopDecked Limited*

4935-6875-0818, v. 1